GREGORY H. LITTLE,

    Plaintiff,

  v.

ILLINOIS DEPARTMENT OF REVENUE,

    Defendant.

No. 11 CV 748

Judge Manish S. Shah

**MEMORANDUM OPINION AND ORDER**

Plaintiff Gregory Little claims his former employer, the Illinois Department of Revenue, retaliated against him in violation of Title VII of the Civil Rights Act of 1964. Though officially terminated for falsifying time records, plaintiff claims he was actually fired as payback for filing discrimination charges with the Equal Employment Opportunity Officer.

Defendant has moved for summary judgment on the ground that plaintiff's claim is barred by the doctrine of claim preclusion. The Department argues that plaintiff missed his opportunity to bring this claim by failing to join it to a prior state-court action challenging his termination.

For the following reasons, defendant's motion is granted.

**I.    Legal Standard**

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir.

2014). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The party seeking summary judgment has the burden of establishing that there is no genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). In determining whether a genuine issue of material fact exists, the court must construe all facts and reasonable inferences in the light most favorable to the nonmoving party. *See CTL ex rel. Trebatoski v. Ashland School District*, 743 F.3d 524, 528 (7th Cir. 2014).

## II. Background[1]

Plaintiff Gregory H. Little, who is black, began working for the defendant Illinois Department of Revenue in 1985. Dkt. 31 ¶ 3. In February 2008, plaintiff became supervisor of the Northern Enforcement Division of the Department's Bureau of Criminal Investigations. *Id.* ¶ 6. About a year later, the Department created a new position that supervised plaintiff and Barbara Bruno was appointed to fill it. *Id.* ¶ 7.

In March and April 2010, plaintiff filed seven charges of race discrimination against Bruno with the Department's Equal Employment Opportunity Officer. *Id.* ¶ 8. Around that same time, Bruno filed her own charges against plaintiff with Internal Affairs, claiming he was disrespectful, a bully, unprofessional, and

---

[1] Plaintiff does not dispute most of defendant's Statement of Uncontested Facts. *See* Dkt. 31. To the extent he does, however, he disputes certain paragraphs by calling them irrelevant (¶¶ 19-26, 28) or incorrect as a matter of law (¶ 29). Plaintiff does not include "specific references to the affidavits, parts of the record, and other supporting materials relied upon," as required by Northern District of Illinois Local Rule 56.1(b)(3)(B). I therefore consider these paragraphs undisputed.

2

unwilling to follow the chain of command. *Id.* ¶ 9. The Department's Internal Investigations Division opened an investigation and found plaintiff was working fewer hours than required under his approved schedule. *Id.* ¶ 10. As a result, plaintiff was charged with three violations of Department policy: (1) time abuse; (2) falsification of time records; and (3) misuse of a state vehicle and property. *Id.* ¶ 11. Plaintiff was terminated. *Id.* ¶ 12.

Plaintiff filed a timely written request for a hearing with the Civil Service Commission to challenge the charges and termination. *Id.* ¶ 19. After several hearings, the administrative law judge found the charges partially proven and further found that they warranted termination. *Id.* ¶¶ 20-21. The Commission later affirmed and adopted the judge's findings. *Id.* ¶ 22.

On September 12, 2011, plaintiff filed a complaint for administrative review with the Circuit Court of Cook County, challenging the Civil Service Commission's approval of his discharge. *Id.* ¶ 23. The Department was named as one of several defendants. *Id.* Plaintiff alleged that the findings (1) that he falsified his time sheets, and (2) that termination was merited, were "erroneous and contrary to the manifest weight of the evidence[.]" Dkt. 29-1 at 129-30. Plaintiff also alleged that the administrative law judge "failed to address [plaintiff's] defenses of retaliation from the protected activities of reporting race discrimination and sex discrimination and also retaliation for [plaintiff's] reporting of conduct which [he] reasonably believed to be in violation of law as motivation for [his] termination." *Id.* The circuit court eventually entered judgment in favor of the defendants and upheld plaintiff's

termination. Dkt. 31 ¶ 24. Plaintiff appealed to the Illinois Court of Appeals. *Id*. ¶ 25. The appellate court affirmed the lower court's decisions, holding that the sanction of termination by the Civil Service Commission was warranted where plaintiff was a supervisor and repeatedly and unjustifiably entered inaccurate times on his time sheets. *Id*. ¶ 26.

At the same time plaintiff was adjudicating his case before the administrative law judge, he filed a single-count complaint in federal court—the case now before me. *Id*. ¶¶ 17, 19, 21. Plaintiff's complaint is difficult to interpret. It is styled as a claim for retaliation in violation of Title VII of the Civil Rights Act of 1964, but at times it also seems to claim substantive racial discrimination. *See* Dkt. 1 ¶¶ 1, 8. Plaintiff's Equal Employment Opportunity Commission charge makes clear, however, that plaintiff is indeed claiming only that the Department terminated him as retaliation for "engaging in protected activity." Dkt. 1-1 at 2.

## III. Analysis

The sole question presented by defendant's motion for summary judgment is whether this action is barred by the doctrine of claim preclusion. Claim preclusion, traditionally called *res judicata,* prohibits litigants from relitigating claims that were or could have been litigated during an earlier proceeding. *Hayes v. City of Chicago*, 670 F.3d 810, 813 (7th Cir. 2012). The law of the state of the judgment controls the claim preclusion analysis. *Allen v. McCurry*, 449 U.S. 90, 96 (1980). In Illinois, claim preclusion requires: (1) a final judgment on the merits rendered by a court of competent jurisdiction; (2) an identity of causes of action; and (3) an

identity of parties or their privies. *Hayes*, 670 F.3d at 813. Under the second element, two claims are identical if they arise from the same transaction and operative facts. *Id*. In determining whether the claims arise from the same transaction and operative facts, Illinois courts consider "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 312 (1998). If all three elements are met, claim preclusion bars not only legal theories that were actually litigated, but also legal theories the party had a full and fair *opportunity* to litigate. *Garcia v. Village of Mount Prospect*, 360 F.3d 630, 639 (7th Cir. 2004); *Durgins v. City of East St. Louis, Illinois*, 272 F.3d 841, 843 (7th Cir. 2001).

The Seventh Circuit's decision in *Garcia v. Village of Mount Prospect* is materially indistinguishable from the case at bar and thus is dispositive. In *Garcia*, a Hispanic former police officer was denied full-disability benefits by the pension board because the board found that his disability was not work-related. 360 F.3d at 633. Garcia filed a complaint for administrative review in the Circuit Court of Cook County seeking reversal of the board's decision. *Id*. In his state-court complaint, Garcia alleged only that the decision was against the manifest weight of the evidence, as well as arbitrary and capricious. *Id*. Nowhere in the complaint or any of the briefing did Garcia mention any illegal employment discrimination generally or as a factor in the board's decision. *Id*. The court affirmed the board's decision. *Id*.

During the pendency of his ultimately unsuccessful administrative appeal, Garcia filed a federal Title VII suit for retaliation, which was found to be barred by the doctrine of claim preclusion. *Id.* at 637. In reaching this conclusion, the Seventh Circuit determined that the administrative review and the federal action arose from the same transaction:

> An analysis of Garcia's EEOC filing and his district court complaint reveals that all the civil-rights claims arise from the same core of operative facts—the Board's decision to deny Garcia duty-related disability benefits. This is the exact same core of operative facts that gave rise to Garcia's appeal of the Board's denial to the Illinois circuit court.

*Id.* at 637. This was the case, furthermore, even though the administrative appeal of the board's decision looked only at whether the denial was against the manifest weight of the evidence or arbitrary and capricious, because:

> [R]egardless of what a court reviews the Board's decision for, both the administrative appeal and the instant lawsuit question the basis—either proper or improper—of the Board's denial of Garcia's disability benefits. The "core of operative facts" [was] identical for both causes of action: the acts of the Board and the Village Police Department leading up to and including the Board's decision to deny the benefits.

*Id.* at 638.

The Seventh Circuit also held that Garcia had a prior full and fair opportunity to litigate the Title VII claims because Garcia could have joined his Title VII claims with the administrative appeal of the board's decision. *Id.* at 639-44 (noting that states and the federal government share concurrent jurisdiction of Title VII § 1981 and § 1983 claims); *see also Manley v. City of Chicago*, 236 F.3d 392, 397 (7th Cir. 2001) ("Illinois allows a plaintiff to join constitutional claims under § 1983 with a request for administrative review [of a separate claim]"). This was the case

6

even though Garcia would have had to exhaust administrative remedies before the Illinois Human Rights Commission or the EEOC prior to filing suit. *Garcia*, 360 F.3d at 642-43.

Finally, the *Garcia* court rejected the argument that because the plaintiff's federal civil-rights claims would have required evidence outside the administrative record, the limited scope of the administrative review would have prevented review of needed evidence, thereby depriving Garcia of a full and fair opportunity to litigate the Title VII claims. *Id*. at 643. The court reasoned:

> This contention is premised on the idea that somehow his administrative appeal of the Board's decision would subsume his civil-rights claims. But Title VII and §§ 1981 and 1983 claims are original actions independent of the administrative review proceeding and are therefore plenary in scope. . . . Because a civil-rights claim under federal law is a distinct cause of action, the scope of administrative review with respect to the appeal of the Board's decision is irrelevant with respect to the circuit court's review of any newly joined civil-rights claims. *See Durgins*, 272 F.3d at 843 (acknowledging the limitations of administrative review, but noting that constitutional claims joined in such proceedings can be explored in discovery).

*Id*. at 643-44.

The case at bar is on all fours with *Garcia*. As in *Garcia*, plaintiff's federal claim is identical (for purposes of claim preclusion) to his administrative review claim because both arise out of the same transaction—his termination. Further, both actions sought only to "question the basis[,] either proper or improper," of that transaction. *Id*. at 638. The administrative review complaint alleged that the administrative law judge's decision—that plaintiff's termination was proper because he falsified time sheets—and the Commission's affirmance thereof, were "erroneous and contrary to the manifest weight of the evidence . . . ." Dkt. 29-1 at 129-30.

7

Plaintiff further alleged that the administrative law judge failed to address his defense of retaliation. *Id*. at 130. At the same time, plaintiff's federal complaint (as construed through the lens of his EEOC charge) alleges that he was terminated as retaliation for "engaging in protected activity," i.e., filing charges of discrimination. Dkt. 1 ¶ 1; Dkt. 1-1 at 2. Thus, the "'core of operative facts' is identical for both causes of action: the acts of the [Department] leading up to and including [its] decision to [terminate plaintiff]." *Garcia*, 360 F.3d at 638.

Plaintiff argues that "the claims in the instant case are federal claims that are subject to the administrative process involving the EEOC, and that with respect to a Complaint for Administrative Review, the Circuit Court of Cook County can only consider evidence in the record of the administrative agency." Dkt. 33 at 7. As already discussed, these precise arguments were rejected in *Garcia*. *See* 360 F.3d at 642-44. Plaintiff could have exhausted his administrative remedies, joined his discrimination claim, conducted discovery, and then presented that evidence to the court.

Plaintiff argues that none of the issues addressed in this action were addressed with the administrative judge. *Id*. at 9. That is not the pertinent question, though. What matters is that (1) this action and the circuit court action derive from the same transaction (plaintiff's termination), and (2) that plaintiff *could* have addressed these issues in the circuit court. *Garcia*, 360 F.3d at 638-39.

Plaintiff also argues that "the administrative hearing cannot be considered a court of competent jurisdiction." *Id*. at 9. This contention misses the point—it is the

judgment of the Circuit Court of Cook County that has preclusive effect in this case, not the decision of the administrative law judge.

Finally, plaintiff relies on *Pirela v. Village of North Aurora*, 935 F.2d 909 (7th Cir. 1991), in which the court held that the plaintiff's claims of discrimination with respect to wages and promotions did not arise from the same transaction as the administrative review of his termination. *Id.* at 912-13. Plaintiff argues that, as in *Pirela*, his claim for retaliation is based on discriminatory acts distinct from his termination and therefore does not arise from the same transaction as the administrative review of his termination. To be sure, plaintiff's complaint contains one sentence about forms of retaliation other than termination: "Thereafter, Defendants [sic] agents created a hostile, retaliatory and offensive work [sic], hostile and retaliatory environment by treating him differently than other employees." Dkt. 1 ¶ 9. However, plaintiff's EEOC charge does not mention any of this, and "[a]s a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in her EEOC charge." *Cheek v. Western & Southern Life Insurance Co.*, 31 F.3d 497, 500 (7th Cir. 1994). An exception to this rule is that a plaintiff can bring a claim not contained within the EEOC charge if the claim and charge "at minimum, describe the same conduct and implicate the same individuals." *Moore v. Vital Products, Inc.*, 641 F.3d 253, 257 (7th Cir. 2011). But plaintiff does not fit this exception because he has not established that the retaliatory and hostile environment involves the same conduct and individuals as his termination.

Plaintiff's EEOC charge limits his claim to retaliatory termination, and thus *Pirela* does not apply.

## IV. Conclusion

Defendant Illinois Department of Revenue's motion for summary judgment, Dkt. 27, is granted.

ENTER:

/s/ Manish S. Shah
Manish S. Shah
United States District Judge

Date: 9/16/14